```
NWOKORO & SCOLA, ESQUIRES
44 Wall Street, Suite 1218
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff
```

```
------------------------------------X----------------------------
MARINA MORALES GARCIA                :UNITED STATES DISTRICT COURT
                                     :SOUTHERN DISTRICT OF NEW YORK
             Plaintiff,              :
                                     :    CASE No.:_____
    against                          :
                                     :    CIVIL ACTION
                                     :
THE CITY OF NEW YORK, SERGEANT       :    FIRST AMENDED COMPLAINT
GILBERTO ROMERO, and OFFICER         :
ANDRE NOBLE,                         :
                                     :
                                     :    PLAINTIFF DEMANDS
                                     :    TRIAL BY JURY
                                     :
                                     :
             Defendant(s).           :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Marina Morales Garcia, hereby appears in this action by her attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Marina Morales Garcia, by her attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, and Sergeant Gilberto Romero and Officer Andre Noble, both of the New York City Department of Homeless Services Police, (NYC-DHS Police), collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1.   This is an action at law to redress the deprivation of

rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and further arising under the law and statutes of the State of New York].

**JURISDICTION**

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT**

5. All conditions precedent to the filing of this action have been complied with. On February 22, 2016, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the number 2016P1007342 by the City of New York's Comptroller's office.

6. At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**PARTIES**

8. Plaintiff resides in New York, New York, and is a resident of the State of New York.

9. The actions which form the underlying basis for this case all took place in the County of New York, within the jurisdiction of the Southern District of New York.

10. Defendants Sergeant Gilberto Romero and Officer Andre Noble are uniformed members of the New York City Department of Homeless Services Police (NYC-DHS Police), acting under color of state law. They are being sued in both their individual and official capacities.

11. The Defendant, City of New York is a municipality in the State of New York and employs the defendant Officers of the NYC-DHS Police.

## **TASERS**

12. A Taser is a weapon that delivers debilitating electric shocks in order to cause neuromuscular incapacitation and force compliance with police orders through pain. Typical deployment of the taser involves firing two barbs containing electrodes at the victim. The barbs are designed to penetrate clothing and pierce the body of the a target. The officer can then deliver painful and possibly incapacitating electric shocks to the victim.
13. A taser can also be deployed by holding against the victim, without firing the projectiles, and thereby shocking the victim.
14. The victim feels extreme pain and helplessness upon being shocked by a taser.
15. Tasers can be lethal.
16. Amnesty International reports that over 350 people in the United States have died after being struck with tasers.
17. Taser International, Inc., a major manufacturer of the tasers used by the New York City Law Enforcement Agencies, has admitted that its weapons "may result in serious, permanent bodily injury or death to those involved. Our products may cause or be associated with these injuries".
18. Taser International, Inc.'s warnings for the use of tasers include risks of scarring, burns, bone damage from the date, infection, and eye damage.
19. In the State of New York, possession of tasers by civilians is banned because of the weapon's dangerous, potentially lethal nature.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20. On January 21, 2016, inside the Park View Hotel, a

4

transistional housing facility located at 55 West 110th Street, New York, New York, plaintiff was assaulted, battered, tasered, falsely arrested, and falsely imprisoned by defendants Romero, Noble, and other officers of the NYC-DHS Police, whose names are currently unknown.

21. At approximately 6:50 p.m., plaintiff was about to exit the building, where she resides. As plaintiff was walking towards the exit, a building security guard stopped the plaintiff and said, "hey you" you didn't sign the exit book. Plaintiff explained that she already signed the exit book. After this conversation, the plaintiff again began to walk away but stopped and returned when she heard the Security guard whose name is currently unknown to the plaintiff, say to her "you bitch". The Security guard is described as African American, female, with a short streak of red hair on the left side of her face.

22. Plaintiff calmly asked the un-identified building Security Guard why she (the Guard) spoke to the plaintiff with such disrespect. Plaintiff then indicated that she (plaintiff) would like to report the verbal abuse incident, and asked the security officer for an incident report form. The Security Guard refused to provide the form and plaintiff again turned to leave the building. At this point, all the security guards, police officers and New York City Department of Homeless Services (DHS) Officers in the lobby of the building, who witnessed the exchange between plaintiff and the Security Guard, began to clap. The plaintiff again turned around and asked "why are you clapping".

23. At this point, defendant Romero, grabbed the plaintiff, shoved her against a wall and tasered her multiple times. Then defendants Romero and Noble, pushed the plaintiff into

an elevator and forcibly took her down to the basement level and restrained her at a Department of Homeless Services office located there. While in the elevator and in the basement level, the plaintiff was tasered multiple times by defendant Romero, although she was not resisting arrest.

24. Plaintiff was forcibly restrained at the DHS office located in the basement of the building until Emergency Medical Services came to the building and transported the plaintiff to Harlem Hospital.
25. At no time during this process did defendants Romero or Noble tell the plaintiff why she was being arrested.
26. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.
27. The plaintiff is a middle-aged woman with a heart condition. At no time did she pose a physical threat to defendants Romero or Noble. The decision to taser the plaintiff and taser her multiple times was unreasonable and the use of force was excessive in the circumstances.
28. At no time prior to or during the above events was there probable cause to arrest the plaintiffs, nor was it reasonable for the defendants to believe that probable cause existed.
29. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiffs.
30. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.
31. As a direct and proximate result of defendants' actions,

plaintiffs suffered and continue to suffer injuries, including but not limited to severe pain, multiple electric shocks, penetration by barbs, painful lacerations, bruises, mental distress, mental agony, psychological trauma, and exacerbation of an existing heart condition, some or all of which may be permanent.

32. The multiple tasering of the plaintiff, the false arrest of plaintiff, and plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

33. As a direct and proximate result of defendants' actions, plaintiff was subjected to excessive force and deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers and DHS Officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers and DHS officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

36. That the defendant City of New York was responsible for

ensuring that reasonable and appropriate levels of supervision were in place within and over the New York City Department of Homeless Services Police.

37. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and/or within the DHS Police with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the DHS. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that DHS Police members engaged in law enforcement conduct themselves in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

38. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its DHS employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and DHS Police policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of DHS Police business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

39. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as DHS Police Officers and

8

officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the DHS Police, all under the supervision of ranking officers of the DHS Police.

40. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

41. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

    *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

42. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the DHS Police for disciplinary action, the DHS Police either simply issues a verbal warning or drops the charges altogether.

43. That the defendant New York City has not only tolerated,

but actively fostered a lawless atmosphere within the DHS Police and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

44. The actions of all defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in her person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

45. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

46. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION, AGAINST DEFENDANTS ROMERO AND NOBLE, USE OF EXCESSIVE FORCE AGAINST THE PLAINTIFF IN VIOLATION OF THE U.S. CONSTITUTION**

47. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. By their actions set forth above, John Does 1 and 2, acted under color of state law to deprive plaintiff Marina Morales Garcia of her right to be free from use of excessive force as guaranteed by the Fourth and Fourteenth Amendments to the Federal Constitution, as enforced by 42

U.S.C. §1983.

### AS A SECOND CAUSE OF ACTION, AGAINST THE CITY OF NEW YORK: USE OF EXCESSIVE FORCE AGAINST THE PLAINTIFF IN VIOLATION OF THE U.S. CONSTITUTION

49. The Policies and customs of defendant the City of New York caused the violation of plaintiff's right to be free from the use of excessive force as guaranteed by the Fourth and Fourteenth Amendments.

### AS A THIRD CAUSE OF ACTION, AGAINST ROMERO AND NOBLE, FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE U.S. CONSTITUTION

50. By their actions alleged in this complaint, defendants John Does 1 and 2 acted under color of state law to deprive plaintiff Marina Morales Garcia of her right to be free from false arrest and false imprisonment as guaranteed by the Fourth and Fourteenth Amendment of the Federal Constitution, and enforced by 42 U.S.C. §1983.

### AS A FOURTH CAUSE OF ACTION AGAINST THE CITY OF NEW YORK, FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE U.S. CONSTITUTION

51. The policies and customs of the defendant the City of New York caused the violation of the plaintiff's right to be free from false arrest and false imprisonment as guaranteed by the Fourth and Fourteenth Amendments of the Federal Constitution and enforced by 42 U.S.C. §1983.

### AS A FIFTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK LAW

52. Defendants Giberto Romero, Andre Noble and the City of New York subjected plaintiff Marina Morales Garcia to false arrest and false imprisonment in violation of the laws of New York State, since plaintiff was wrongfully, unlawfully, unjustifiably and forcibly detained and deprived of her liberty against her will. Defendants Romero and Noble did so while acting as employees of the City of New York, in the course of their employment and within the scope of their authority in furtherance of the interests of their employer. .

**AS A SIXTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, BATTERY IN VIOLATION OF NEW YORK LAW**

53. Defendants Romero and Noble, and the City of New York committed battery and excessive force upon plaintiff Marina Morales Garcia, by intentionally initiating offensive bodily contact with plaintiff that is unreasonable under New York law. Defendants Romero and Noble, did so while acting as employees of the City of New York, in the course of their employment and the scope of their authority in furtherance of the interests of their employer.

**AS A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, ASSAULT IN VIOLATION OF NEW YORK LAW**

54. Defendants Romero and Noble committed an assault upon plaintiff Marina Morales Garcia, by undertaking physical conduct that unjustifiably placed Marina Morales Garcia in imminent apprehension of harmful contact that is unreasonable under New York law. Defendants Romero and Noble, did so while acting as employees of the City of New York, in the course of their employment and within the

scope of their authority in furtherance of the interest of their employer.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: May __14___, 2017,
       New York, New York

.

                    _____/s/_____-
                    Chukwuemeka Nwokoro, Esq.
                    Nwokoro & Scola, Esquires
                    Attorney for Plaintiff
                    44 Wall Street, Suite 1218
                    New York, New York 10005
                    Tel. (212) 785-1060

13